IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| | § | |
| v. | § | CRIMINAL NO. 3:18-CR-002-L-1 |
| | § | (USCA NO. 18-11321) |
| SERGIO ALVAREZ MARTINEZ, | § | |
| DEFENDANT. | § | |

FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE

Pursuant to 28 U.S.C. § 636(b) and the District Judge's *Order of Reference*, this case is before the United States Magistrate Judge for findings and recommendation regarding whether the untimely filing of Defendant's pro se notice of appeal was due to excusable neglect or good cause.  Doc. 53.  For the reasons that follow, the Court finds Defendant has shown good cause for his late filing and that an extension of the time to appeal should be granted.

On August 29, 2018, the *Judgment in a Criminal Case* was entered in this cause.  Doc. 45.  On October 9, 2018, the District Clerk filed Defendant's pro se *Notice of Appeal*, which was signed September 30, 2018, and postmarked October 3, 2018.  Doc. 47.  Subsequently, the United States Court of Appeals for the Fifth Circuit remanded this case for determination of whether excusable neglect or good cause entitles Defendant to an extension of time to appeal under FED. R. APP. P. 4(b)(4).  Doc. 52.

I.    Findings of Fact

An evidentiary hearing was held on December 14, 2018.  Defendant appeared in person and was represented by Assistant Federal Public Defender Gabriela Vega (appointed by the Court in anticipation of the evidentiary hearing).  The Government was represented by Assistant

United States Attorney Rachael Jones.  After considering the pleadings, testimony, and

arguments and proffers of counsel, the Court makes the following findings of fact:

    A.  Defendant retained Attorney Frank A. Perez to represent him in this criminal case; however, attorneys Clark Birdsall and Carlos Gomez also represented Defendant during the pendency of the case.

    B.  Attorney Clark Birdsall represented Defendant at his rearraignment hearing on February 20, 2018, when Defendant pled guilty to an information of the United States Attorney charging him with possession of a controlled substance with intent to distribute, in violation of 21 U.S.C. § 841(a)(1)&(b)(1)(C).  Doc. 31; Doc. 33.   Defendant's guilty plea was pursuant to a written plea agreement that contained a waiver of appeal provision and was the result of plea negotiations that resulted in Defendant pleading guilty to an offense that capped his prison exposure at 20 years.  Doc. 26.

    C.  At sentencing, Defendant was represented by Attorney Carlos Gomez, who had entered his appearance as counsel a few days prior.  Defendant was sentenced to 204 months' imprisonment, which was well below the Sentencing Guidelines imprisonment range and was capped by the statutory maximum and several months less than what defense counsel requested.

    D.  In the seconds following the sentencing hearing while Defendant and counsel were still at the podium, Attorney Gomez discussed with Defendant that the sentence imposed was a good outcome and asked Defendant if he wanted to appeal.  Defendant did not answer, and subsequently was taken back to the U.S. Marshal's holdover facility.  Counsel did not follow up with Defendant in the Marshal's holdover or after he was returned to jail.

    E.  Neither Carlos Gomez, Frank Perez, nor Clark Birdsall followed up with Defendant about whether he desired to appeal.

    F.  Defendant was aware that the deadline for filing his notice of appeal was 14 days after the entry of judgment.

    G.  The Court entered the *Judgment in a Criminal Case* on August 30, 2018.  Thus, the deadline for timely filing notice of appeal was September 13, 2018.  Doc. 52.

    H.  During the 14 days following the Court's entry of judgment, Defendant was still represented by Carlos Gomez, Frank Perez and Clark Birdsall.  At the time Defendant filed his *pro se* notice of appeal Defendant was still represented by Carlos Gomez, Frank Perez, and Clark Birdsall.  The Court permitted Carlos Gomez, Frank Perez and Clark Birdsall to withdraw on October 25, 2018.

I.   Defendant's *pro se* notice of appeal is deemed filed on September 30, 2018, the day he ostensibly presented it to jail officials for mailing.

## II.   Analysis

A district court may extend the time for filing a notice of appeal by thirty days if the defendant can show excusable neglect or good cause for not meeting the deadline. *See* FED. R. APP. P. 4(b)(4). The United States Supreme Court's flexible interpretation of the excusable neglect standard controls the determination under Rule 4(b). *United States v. Clark*, 51 F.3d 42, 44 (5th Cir. 1995) ("*Clark I*") (citing *Pioneer Inv. Serv. Co. v. Brunswick Assocs. Ltd. Partnership*, 507 U.S. 380 (1993)). Equitable considerations in light of all the relevant circumstances guide the Court's analysis. *Id.* Such considerations include possible prejudice to the late filer, the length of the delay and the impact on judicial proceedings, the reason for the delay, and whether the defendant acted in good faith. *Id.* However, the excusable neglect standard under Rule 4(b)(4) should not be construed so strictly as to conflict with the equitable and flexible inquiry enunciated in *Pioneer. Clark I*, 51 F.3d at 44.

After careful review of the evidence in this case, the Court finds that Defendant has demonstrated the requisite good cause for failing to timely to file his *pro se* notice of appeal and to warrant the grant of an extension. First, there is no indication that Defendant acted in bad faith in failing to timely file his pro se notice, and the cause of the delay seems reasonable. Second, the 17-day delay in filing the pro se *Notice of Appeal* is *de minimis*, as would be any impact on the criminal proceedings of granting the extension. Notably, the government has not indicated any negative impact that permitting the notice would have on the proceedings. Finally,

prejudice may result to Defendant if the extension is not granted, since he would forfeit the direct

appeal he wants to pursue.[1]

Defendant testified that at his request, his family members repeatedly called counsel's

office regarding the filing of the appeal without response.  This suggests a clear interest on

Defendant's part in pursuing an appeal.

The Court further notes that even if a defendant does not instruct counsel to file an

appeal, counsel has a constitutional duty to consult with the defendant about an appeal.[2]  *Roe v.*

*Flores-Ortega*, 528 U.S. 470, 480 (2000).  In this context, consultation means "advising the

defendant about the advantages and disadvantages of taking an appeal, and making a reasonable

effort to discover the defendant's wishes."  *Id.* at 478.  When deciding whether counsel

adequately consulted with the defendant regarding the right to appeal, a court "must take into

account all the information counsel knew or should have known."  *Id*. at 480.

Here, by his own admission, Attorney Gomez had only seconds to confer with Defendant

after sentencing.  Attorney Gomez knew that Defendant did not respond to the specific inquiry of

whether he wanted to appeal.  At a minimum, some follow up was required to adequately

"consult" with Defendant regarding appeal, however, none occurred.  Under these

circumstances, Defendant's expectation that one or more of his attorneys would visit him at the

---

[1] Despite Defendant's waiver of the right to appeal in his plea agreement, he nonetheless retained the right to challenge his conviction on direct appeal.  *See United States v. Palmer*, 456 F.3d 484, 487-89 (5th Cir. 2006); *see also United States v. Imeh*, 255 Fed. Appx. 833, 835 (5th Cir. 2007) (per curiam) (remanding because court improperly denied Rule 4(b)(4) motion to extend the time to appeal based on defendant's waiver of appeal).

[2]  Defendant contends that he told counsel on more than one occasion prior to the sentencing hearing that he wanted to appeal.  *See United States v. Clark*, 193 F.3d 845, 846-47 (5th Cir. 1999) (*"Clark II*) (counsel's failure to file a notice of appeal at defendant's request is per se ineffective assistance and constitutes excusable neglect).  Although defense counsel dispute Defendant's claim that he indicated a desire to appeal, resolution of that issue is not necessary to the Court's determination.

jail to discuss his appellate rights—regardless of whether they told him they would—was reasonable.  Defendant's confirmation that he was aware of the requirement that the notice of appeal be filed within 14 days of judgment, is of no moment, since he correctly believed that he was still represented by counsel during the relevant period.  *Cf. Randolph v. Cain*, 412 Fed. Appx. 654, 658 (5th Cir. 2010) (defendant is not entitled to hybrid representation) (citing *McKaskle v. Wiggins*, 465 U.S. 168, 182 (1984)).  Indeed, Defendant's reliance on counsel's continued representation is evident in the language of his pro se *Notice of Appeal*:

> Defense counsel promised defendant that notice of appeal would be filed.  As of today's date, defendant has not received confirmation that notice was filed by defense counsel.  Defendant asks that this Honorable Court accept this notice of Appeal *if defense counsel did not file one* in this case.

Doc. 47 at 1 (emphasis added).

In sum, equitable considerations and the reason for the delay support the conclusion that Defendant has demonstrated the requisite good cause for his failure to timely file his pro se *Notice of Appeal*.

## III.    Conclusion

Based on the foregoing, the Court should extend the deadline for filing Defendant's notice of appeal by an additional 30 days under FED. R. APP. P. 4(b)(4), and deem Defendant's pro se *Notice of Appeal*, Doc. 47, timely filed.

**SO RECOMMENDED,** December 19, 2018.

RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation will be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). To be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996), *modified by statute,* 28 U.S.C. § 636(b)(1) (extending the time to file objections to 14 days).